**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian E Hillebrand, et al., | No. CV-25-02220-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| United Parcel Service Incorporated, | |
| Defendant. | |

On June 26, 2025, *pro se* Plaintiffs Brian E. Hillebrand and Jay V. Shore ("Plaintiffs") brought a four-count Complaint against the United Parcel Service ("UPS") for violation of the Americans with Disabilities Act ("ADA"); failure to provide reasonable accommodation under the ADA; interference with ADA rights; and breach of contract. (Doc. 1 at 12–15). The Court ordered a Rule 16 Scheduling Conference on July 7, 2025, (Doc. 8), and UPS filed its first Motion to Dismiss on August 7, 2025. (Doc. 14). Plaintiffs filed a Response to the Motion to Dismiss on September 5, 2025. (Doc. 17). The parties submitted a Rule 26(f) Joint Case Management Report ("Joint Report") shortly thereafter. (Doc. 18). In that report, the parties ask the Court to rule on the pending Motion to Dismiss before they submit dates to the Court for their discovery schedule. (Doc. 18 at 5–7). Although the parties did not officially file a Motion to Stay in this case, the parties' request to not submit dates to the Court in their Joint Report pending resolution of the Motion to Dismiss is denied.

/ / /

## II. Legal Standard

The Ninth Circuit has not set forth a clear standard for district courts to apply when deciding to stay a case pending the resolution of a potentially dispositive motion. *See Williams v. Experian Info. Sols. Inc.*, 2024 WL 739676, at *2 (D. Ariz. Feb. 23, 2024). However, "[m]ost federal district courts . . . apply a two-part test under which it is appropriate to stay discovery [where] (1) the pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed and (2) the pending, potentially dispositive motion can be decided absent additional discovery. Discovery should proceed if either prong of the test is not met. This test has the Court take a 'preliminary peek' at the underlying motion without exhaustively reviewing the merits." *Id.* (citing *Ferrell v. AppFolio, Inc.*, 2024 WL 132223, *1 (C.D. Cal. 2024)). "The party seeking the stay bears the burden of proving that it is warranted." *Aliphcom v. Fitbit, Inc.*, 154 F. Supp. 3d 933, 937 (N.D. Cal. 2015). Alternatively, the district court "may, in lieu of a general stay, impose protective orders, seal interrogatories, impose a stay for a finite period of time, or limit a stay to a particular subject matter." *Lizarraga v. City of Nogales Arizona*, 2007 WL 215616, at *1 (D. Ariz. Jan. 24, 2007) (internal citations omitted).

## III. Discussion

The Court finds that discovery in this case must proceed. Importantly, the Motion to Dismiss filed by UPS is not "dispositive of the entire case . . ." *See Williams*, 2024 WL 739676, at *2 (outlining the guiding standard for the Court to use when deciding to stay discovery). In fact, the pending Motion to Dismiss only addresses two of the four claims: interference with ADA rights and breach of contract. (Doc. 14 at 1). This falls short of the underlying motion disposing of the entire case. Therefore, the parties' request to stay discovery is denied and the parties are advised to resubmit their Joint Report with proposed dates on which discovery will be conducted.

Accordingly,

**IT IS ORDERED** that the parties' request to stay discovery pending resolution of

the Motion to Dismiss (Doc. 17) is **denied.**

      **IT IS FURTHER ORDERED** that the parties shall resubmit their Joint Case Management Report to the Court with proposed dates for discovery **by Friday, September 12, 2025, at 10:00 a.m.**

      Dated this 9th day of September 2025.

                                      Honorable Diane J. Humetewa
                                      United States District Judge