**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian E Hillebrand, et al., | No. CV-25-02220-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| United Parcel Service Incorporated, | |
| Defendant. | |

*Pro se* Plaintiffs Brian E. Hillebrand ("Hillebrand") and Jay V. Shore ("Shore") brought a four-count Complaint against the United Parcel Service ("UPS") on June 26, 2025. (Doc. 1 at 12–16). Hillebrand alleges that UPS acted in violation of the Americans with Disabilities Act ("ADA") when it removed him from his job duties without pay, failed to provide him with a reasonable accommodation, and breached his employment contract. (*Id.* at 12, 13 & 16). Both Hillebrand and Shore also accuse UPS of interfering with their ADA rights. (*Id.* at 14). Although Shore is not an employee of UPS, he nonetheless argues that by excluding him from meetings between Hillebrand and UPS, UPS interfered with his right to "aid and encourage Plaintiff in the exercise of his ADA rights." (*Id.*)

The Court set a Rule 16 Scheduling Conference for September 15, 2025. (Doc. 8). UPS through counsel, and Hillebrand, representing himself, both appeared before the Court. Shore did not appear. When the Court inquired about Shore's absence, Hillebrand conveyed that Shore was on the east coast and required an accommodation to make an

appearance.

In the Complaint, the Court does note that Shore states he requires accommodations due to his "communication disabilities." (Doc. 1 at ¶ 5). However, he also states that he is "permanently transient." (*Id.*) Shore does not explain why he was not able to physically appear before the Court. He did not file a motion seeking an accommodation for his appearance at the Rule 16 Scheduling Conference and was not otherwise exempted from appearing. Shore must provide the Court with an explanation of his absence in no more than three (3) pages within fourteen (14) days of the issuance of this Order. Shore is advised that he is mandated to be present at all Court required appearances going forward, absent prior approval of the Court. Failure to respond to this Order may result in Shore's claim being dismissed without prejudice for failure to prosecute.

Accordingly,

**IT IS ORDERED** that on or before **October 1, 2025**, *pro se* Plaintiff Jay V. Shore must Show Cause in writing, in no more than three (3) pages, why he was absent from the September 15, 2025, Rule 16 Scheduling Conference. Failure to respond to this Order may result in the dismissal of Shore's ADA interference claim without prejudice.

Dated this 17th day of September, 2025.

Honorable Diane J. Humetewa
United States District Judge